DAVID J. VAN HAVERMAAT (Cal. Bar No. 175761)
Email: vanhavermaatd@sec.gov
PETER F. DEL GRECO (Cal. Bar No. 164925)
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka N. Patel, Associate Regional Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DEDICATED SOUND AND AUDIO, INC., STEVEN VENTRE, ERIC LOVY and CHOICE EQUITY,<br><br>Defendants. | Case No.<br><br>**CONSENT OF DEFENDANTS ERIC LOVY AND CHOICE EQUITY TO ENTRY OF FINAL JUDGMENT** |

1. Defendants Eric Lovy f/k/a/ Eric Beltran ("Lovy") and Choice Equity (collectively, "Defendants") waive service of a summons and the complaint in this action, enter general appearances, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint, except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendants admit, Defendants hereby consent to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendants from violations of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e], and Section 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)], and permanently restrains and enjoins Defendant Lovy from violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

    (b) orders Defendant Lovy to pay disgorgement in the amount of $870,850, plus prejudgment interest thereon in the amount of $93,510, and a civil penalty in the amount of $870,850 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3)]; and

    (c) orders Defendant Choice Equity to pay disgorgement in the amount of $689,530, plus prejudgment interest thereon in the amount of $74,040, and a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3. Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a)

of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on either Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

  4. Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendants to enter into this Consent.

8. Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10. Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the SEC, within thirty days after the Final Judgment is filed with the Clerk of the Court, with affidavits or declarations stating that Defendants have each received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law

and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the SEC based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

      12. Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendants' agreement to comply with the terms of Section 202.5(e), Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulate solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment or any other judgment, order, consent order, decree or

1 | settlement agreement entered in connection with this proceeding, is a debt for the
2 | violation by Defendants of the federal securities laws or any regulation or order
3 | issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11
4 | U.S.C. §523(a)(19 ). If either Defendant breaches this agreement, the SEC may
5 | petition the Court to vacate the Final Judgment and restore this action to its active
6 | docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or
7 | (ii) right to take legal or factual positions in litigation or other legal proceedings in
8 | which the Commission is not a party.

9       13. Defendants hereby waive any rights under the Equal Access to Justice
10 | Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other
11 | provision of law to seek from the United States, or any agency, or any official of the
12 | United States acting in his or her official capacity, directly or indirectly,
13 | reimbursement of attorney's fees or other fees, expenses, or costs expended by
14 | Defendants to defend against this action. For these purposes, Defendants agree that
15 | Defendants are not the prevailing party in this action since the parties have reached a
16 | good faith settlement.

17       14. Defendants agree that the SEC may present the Final Judgment to the
18 | Court for signature and entry without further notice.

19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: January 19, 2018

_____
Eric Lovy

Dated: January 19, 2018

_____
Eric Lovy on behalf of Choice Equity

On 1/19, 2018, Eric Lovy, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent both in his individual capacity and with full authority to do so on behalf of Choice Equity as its Former Pres.

GLENDA J. BURTON
COMM. #2150024
Notary Public · California
Orange County
My Comm. Expires Apr. 22, 2020

Notary Public
Commission expires: 4/22/2020

APPROVED AS TO FORM:

_____
Steven M. Goldsobel
Law Offices of Steven M. Goldsobel
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067
(310) 552-4848
Counsel for Defendants Eric Lovy and Choice Equity