DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: vanhavermaatd@sec.gov
PETER F. DEL GRECO, Cal. Bar No. 164925
Email: delgrecop@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DEDICATED SOUND AND AUDIO, INC., and STEVEN VENTRE,<br><br>Defendants. | Case No.: 8:18-cv-323-AG (AGRx)<br><br>**FINAL JUDGMENT AS TO DEFENDANTS DEDICATED SOUND AND AUDIO, INC. AND STEVEN VENTRE** |

The Securities and Exchange Commission ("SEC" or "Commission") having filed a Complaint and defendants Dedicated Sound and Audio, Inc. ("DSA") and Steven Ventre ("Ventre") (together, "Defendants") having entered general appearances; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants DSA and Ventre are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) DSA's and Ventre's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with DSA or Ventre or with anyone described in (a).

1

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants DSA and Ventre are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) DSA's and Ventre's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with DSA or Ventre or with anyone described in (a).

**III.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants DSA and Ventre are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) DSA's and Ventre's officers, agents, servants, employees, and attorneys, and (b) other persons in active concert or participation with DSA or Ventre or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that: (a) Defendant DSA is liable for a civil penalty in the amount of $250,000, and (b) Defendant Ventre is liable for a civil penalty in the amount of $80,000, both pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). DSA shall satisfy its obligation by paying $250,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph V below, and Ventre shall satisfy its

3

obligation by paying $80,000 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; DSA or Ventre as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed,

4

the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on either Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against either Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant DSA shall pay to the SEC its civil penalty of $250,000 in 12 installments according to the following schedule:

(1) $20,833.33 within 360 days of entry of this Final Judgment;

(2) $20,833.33 within 390 days of entry of this Final Judgment;

(3) $20,833.33 within 420 days of entry of this Final Judgment;

(4) $20,833.33 within 450 days of entry of this Final Judgment;

(5) $20,833.33 within 480 days of entry of this Final Judgment;

(6) $20,833.33 within 510 days of entry of this Final Judgment;

(7) $20,833.33 within 540 days of entry of this Final Judgment;

(8) $20,833.33 within 570 days of entry of this Final Judgment;

(9) $20,833.33 within 600 days of entry of this Final Judgment;

(10) $20,833.33 within 630 days of entry of this Final Judgment;

(11) $20,833.33 within 660 days of entry of this Final Judgment; and

(12) $20,833.37 within 690 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, DSA shall contact the staff of the SEC for the amount due for the final payment.

If DSA fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by DSA under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Ventre shall pay to the SEC its civil penalty of $80,000 in 12 installments according to the following schedule:

(1) $6,666.67 within 360 days of entry of this Final Judgment;

(2) $6,666.67 within 390 days of entry of this Final Judgment;

(3) $6,666.67 within 420 days of entry of this Final Judgment;

(4) $6,666.67 within 450 days of entry of this Final Judgment;

(5) $6,666.67 within 480 days of entry of this Final Judgment;

(6) $6,666.67 within 510 days of entry of this Final Judgment;

6

  (7) $6,666.67 within 540 days of entry of this Final Judgment;

  (8) $6,666.67 within 570 days of entry of this Final Judgment;

  (9) $6,666.67 within 600 days of entry of this Final Judgment;

  (10) $6,666.67 within 630 days of entry of this Final Judgment;

  (11) $6,666.67 within 660 days of entry of this Final Judgment; and

  (12) $6.666.63 within 690 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the SEC and shall be applied first to post-judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Ventre shall contact the staff of the SEC for the amount due for the final payment.

  If Ventre fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by Ventre under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

**VII.**

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Dedicated Sound and Audio, Inc. and Steven Ventre to Entry of Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

**VIII.**

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order,

7

consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**X.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: March 02, 2018   _____

HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE